**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES VICKERS,

    Defendant - Appellant.

No. 24-8012
(D.C. No. 2:23-CR-00142-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

James Vickers pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 24 months in prison. For the first time on appeal, Mr. Vickers argues that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and reviewing for plain error, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our precedent forecloses Mr. Vickers's arguments.  We rejected a Second Amendment challenge to § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009).  And while Mr. Vickers's case was pending on appeal, we decided that after the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), *McCane* remains good law.  *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025).

Mr. Vickers argues that § 922(g)(1) cannot constitutionally apply to him because his felony conviction was for "a nonviolent DUI" that did not involve the use of a firearm or other weapon.  Aplt. Br. at 7.  But *McCane* "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies," including "nonviolent offenders."  *Vincent*, 127 F.4th at 1266 (upholding § 922(g)(1) conviction as applied to defendant previously convicted of bank fraud).

Given *Vincent*'s holding that *McCane* remains binding, our precedent forecloses Mr. Vickers's facial and as-applied challenges to § 922(g)(1).  We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

2